# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| LANDON M. PRICE, | ) | |
|     Petitioner, | ) | Civil Action No. 7:18-cv-00621 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| M. BRECKON, | ) |     United States District Judge |
|     Respondent. | ) | |

## MEMORANDUM OPINION

Landon M. Price, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conditions of his confinement. Having reviewed his petition, the court concludes that Price's claims are not properly raised in a § 2241 petition and, therefore, dismisses the petition without prejudice pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.

Price alleges that, while housed at the United States Penitentiary in Lee County, Virginia, he is not provided adequate mental health treatment, is denied a radio and publications, and is denied various elements necessary to the practice of his religion. Price seeks an injunction ordering his transfer to a mental health institution where he can walk safely, allowing him to possess publications while he is housed in the special housing unit, and providing him access to various elements of his religious practice.

A habeas petition under § 2241 shall not issue to a federal prisoner unless the court concludes that he is in custody in violation of the Constitution or laws or treaties of the United States. § 2241(c)(3). The core of a habeas corpus action is a request to get out of jail immediately or sooner than currently scheduled. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). "[C]onstitutional claims that merely challenge the conditions of a [federal] prisoner's

confinement . . . fall outside of that core" and must be raised in a civil action, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," whereas "requests for relief turning on circumstances of confinement may be presented" in a civil rights action); *Moore v. Driver*, No. 1:07cv166, 2008 U.S. Dist. LEXIS 85896, at *7, 2008 WL 4661478, at *3 (N.D. W. Va. Oct. 21, 2008) (a claim regarding custody classification cannot be raised in the context of a § 2241 petition).

In his § 2241 petition, Price does not allege any ground on which he is entitled to a shorter term of confinement. Because the core of his complaint is clearly not concerning the fact or duration of his incarceration, his claim is not properly before the court as a habeas claim under § 2241. Therefore, the court will dismiss Price's habeas petition without prejudice.[1]

Entered: January 2, 2019.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[1] The court declines to construe Price's petition as a complaint pursuant to *Bivens* because his allegations are insufficient to state a claim against a defendant. *See West v. Atkins*, 487 U.S. 42 (1988) (to state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law); *see, e.g., Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (noting a plaintiff's basis for relief "requires more than labels and conclusions . . . ."). The court notes, however, that dismissal of this § 2241 petition is without prejudice to Price's opportunity to file a *Bivens* action naming defendants and specifically describing how each defendant violated his federal rights.